Peter FERNANDO, Pamela Fernando, Chamila Fernando, Dinusha Fernando, Rashan Fernando, Petitioners,

v.

Alberto R. GONZALES,[1] United States Attorney General, Department of Homeland Security, Respondents.

No. 04–1979–AG.

United States Court of Appeals, Second Circuit.

May 26, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Present JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review, insofar as it seeks review of the denial of Petitioners' asylum claim, is DISMISSED for lack of jurisdiction, and as to the remaining claims is DENIED.

Peter Fernando, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Michael Rocco's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Here, the BIA supplemented the IJ's decision by adding additional analysis of the IJ's past persecution and well-founded fear findings. Despite Fernando's contention, the BIA did not decide his case on grounds different from the IJ. While it is true that the BIA expressed concerns about Fernando's credibility, the lack of specific credibility findings by the IJ, and the grant of voluntary departure, the BIA made clear that it was not deciding the petitioners' claims on those grounds. The BIA's decision to adopt and affirm the IJ's decision, therefore, did not contradict any of the other statements made in its decision, nor did it deny petitioners due pro-

David R. Addelman, Buffalo, NY, for Petitioner.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

cess; it merely supplemented the IJ's decision. Accordingly, this Court reviews the decision of the IJ as supplemented by the BIA because the BIA adopted and affirmed the decision of the IJ while supplementing it. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

The IJ denied Fernando's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that extraordinary circumstances prevented him from filing within that time. Fernando has waived any argument that his asylum claim was not subject to the one-year bar. He acknowledges in his brief that this Court lacks jurisdiction to review the one-year bar finding under 8 U.S.C. § 1158(a)(3). He has not made any arguments as to why this Court should review the one-year bar finding. Moreover, he does not argue that the IJ erred in time-barring his application. Instead, he asserts only that the BIA should have addressed the time-bar issue in its decision. Because the BIA properly adopted and affirmed the IJ's decision, however, it need not address all of the specific findings made by the IJ in order for them to stand. *See Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994); *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). Because petitioners have failed to raise any arguments regarding this Court's jurisdiction to review the one-year bar issue or the merits of the one-year bar issue, this claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Even though petitioners waived their arguments related to their time-barred asylum claim, we must still consider their claims for withholding of removal. *See* 8 C.F.R. § 208.16(b)(1). Without much elaboration, petitioners argue implicitly that the IJ failed to recognize the incidents of alleged threats and beatings by the police as tantamount to past persecution on account of imputed political opinion which presumptively supports a claim that they would be subject to future persecution. It is clear, however, that both the IJ and the BIA recognized, understood, and grappled with the extent of what the IJ termed "police brutality" and what the BIA termed "mistreatment" that was "reprehensible." In so doing, they decided that the police conduct did not amount to past persecution. We agree.

This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). We review *de novo* the IJ's and BIA's application of the particular facts to the legal definition of persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Our Court has said, "[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Although during the course of their investigation the police allegedly made threats on Fernando's life, called him a traitor and beat him, it was up to the IJ to determine whether Fernando had "produced evidence from which it … [was] reasonable to believe that the harm was motivated by a protected ground." *See Matter of S–P–,* 21 I. & N. Dec. 486, 490 (BIA 1996). The IJ found that Fernando failed to meet that burden, and although sitting as fact-finders we might have reached a different conclusion, we cannot say the evidence compels the opposite conclusion. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003) ("we will not reverse the BIA

simply because we disagree with its evaluation of the facts") (internal quotation marks and citation omitted). In that regard, we note that the police released Fernando in less than twenty-four hours, did not bring any charges against him, and merely required him to keep them apprised of any future contact with the Tamils and to check in every other Sunday—conditions that were ostensibly reasonable given the attacks that were occurring and the fact that suspected Tamil rebels had stayed at Fernando's house. We also note that it was not the police's behavior or conditions they imposed, but rather the subsequent telephone threat from the Tamils, which had nothing to do with persecution on account of a protected ground, that triggered the petitioners flight. On the record it is clear the IJ and the BIA considered the relevant factors and determined that whatever the police had done to Fernando was not on account of a political opinion imputed to him. Because substantial evidence supports that conclusion, we cannot say as a matter of law that Fernando was subject to persecution.

With regard to the Fernandos' CAT claims, although petitioners have mentioned them at the conclusion of their brief, they have not provided any independent arguments as to why the CAT claim was erroneously denied. Accordingly, they have failed to raise this claim sufficiently, and it is waived. *See Yueqing Zhang*, 426 F.3d at 546 n. 7 (stating that a single conclusory sentence is insufficient to raise a claim).

Accordingly, the petition for review is DISMISSED in part, and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).